IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME CLAY,

      Plaintiff,             No. 2:12-cv-2027 JAM KJN PS

  v.

AT&T COMMUNICATIONS OF
CALIFORNIA, INC. et al.,

      Defendants.        ORDER
_____/

        This action to recover unpaid "wages" was originally filed by plaintiff Jerome Clay as a small claims court case in the San Joaquin County Superior Court on July 11, 2012. (Dkt. Nos. 1-2, 1-3.) Subsequently, on August 2, 2012, defendants Pacific Bell Telephone Company ("Pacific Bell") (erroneously sued as AT&T Communications of California, Inc.) and Sedgwick Claims Management Service, Inc. ("Sedgwick") removed the action to this court, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1.)[1] Presently pending before the court is plaintiff's motion to remand the action to state court and for an award of attorneys' fees and costs, presently noticed for hearing on September 20, 2012.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

(Dkt. No. 10.) Defendants filed an opposition to the motion. (Dkt. No. 11.) For the reasons outlined below, the court concludes that supplemental briefing is necessary to make a determination regarding the court's subject matter jurisdiction.

Plaintiff's state court complaint merely alleges that defendants owe him $10,000 for "Violation of the Health Insurance Portability and Accountability, 'HIPA' Law." (Dkt. No. 1-2 at 2; Dkt. No. 1-3 at 2.) Plaintiff claims that he went on state disability from February 6, 2012, until May 21, 2012, and that defendants refused to pay him his "wages" even though his doctor filled out the necessary papers for "claim #8331." (Id.)

In the notice of removal, defendants stated that plaintiff is employed by Pacific Bell,[2] which maintains an employee welfare benefits plan under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA") known as the AT&T Umbrella Benefit Plan No. 1 ("Plan"). (Dkt. No. 1 at 2.) Sedgwick is the independent third party claims administrator for the Plan. (Dkt. No. 1 at 3.) According to defendants, plaintiff made a claim for short-term disability benefits under the Plan on February 13, 2012, which was denied on March 5, 2012, and subsequently appealed. (Dkt. No. 1 at 2-3.) Defendants essentially contend that the substance of plaintiff's complaint appears to concern a dispute over a short-term disability benefits claim under an ERISA plan over which federal courts have exclusive jurisdiction.[3] (Dkt. No. 1 at 3.)

In plaintiff's motion to remand, plaintiff first argues that defendants' notice of removal is procedurally flawed, because it does not set forth the basis for removal. See 28 U.S.C. § 1446(a). However, the notice of removal states that removal is premised on the court's

---

[2] Defendants indicated that Pacific Bell, although apparently erroneously sued as AT&T Communications of California, Inc., accepted service in this matter. (Dkt. No. 1 at 2.)

[3] Although plaintiff's complaint makes reference to the federal Health Insurance Portability and Accountability Act ("HIPAA"), defendants do not premise federal question jurisdiction on any HIPAA claim. In any event, because HIPAA provides no private right of action, a violation of HIPAA cannot in itself serve as a basis for federal question jurisdiction. See Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081-83 (9th Cir. 2007).

federal question jurisdiction under 28 U.S.C. § 1331, which in turn is invoked based on defendants' characterization of plaintiff's complaint as purporting to state a claim for disability benefits under an ERISA plan. As such, it appears that defendants at least procedurally complied with 28 U.S.C. § 1446(a).

Plaintiff next argues that the court lacks subject matter jurisdiction over the action. In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the

district court lacks subject matter jurisdiction, the case shall be remanded").

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted).

In this case, plaintiff argues that this case is merely "a civil action between employer and employee over lost wages that were not paid while employee was out on State Disability" and that the complaint contains no claim under ERISA.[4] (Dkt. No. 10 at 4-5.) As an initial matter, although the court does not conclusively decide the issue on the limited record before it, it appears that plaintiff is not simply seeking unpaid wages as that term is ordinarily understood. The California Labor Code defines "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Cal. Lab. Code § 200. Here, plaintiff is seeking payments for a period of time during which he did not perform any labor, because he was allegedly unable to work. Thus, although plaintiff characterizes these payments as "wages," it appears that he is actually seeking short-term disability benefits under the Plan as opposed to wages earned for labor performed. Plaintiff's argument that he is seeking

---

[4] Plaintiff also contends, in conclusory fashion, that ERISA does not apply to union employees such as himself, but cites no authority in support of that proposition. To the contrary, ERISA generally applies to all employee benefit plans sponsored by an employer or employee organizations, such as unions. 29 U.S.C. § 1003(a).

4

conventional wages is further contradicted by his decision to name Sedgwick, the Plan's administrator, as a defendant.

While plaintiff correctly points out that the complaint does not expressly assert an ERISA claim, that is not necessary when a claim is completely preempted by section 502(a) of ERISA. As the Ninth Circuit explained, "[c]omplete preemption removal is an exception to the otherwise applicable rule that a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim...If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a) [of ERISA], that complaint is converted from an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009) (citation and quotation marks omitted); see also Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Section 502(a)(1)(B) of ERISA states that "[a] civil action may be brought – (1) by a participant or beneficiary – (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." 29 U.S.C. § 1132(a)(1)(B). Therefore, assuming that plaintiff is seeking short-term disability benefits under the Plan, and that payment of such benefits is covered by ERISA, plaintiff's action would appear to be encompassed by section 502(a) of ERISA, resulting in complete preemption and federal question jurisdiction to support defendants' removal.

Nevertheless, based on the limited record before it, the court is unable to determine whether the payment of short-term disability benefits under the Plan is in fact covered by ERISA. To be sure, ERISA generally regulates "employee welfare benefit plans," which include plans that provide employees with "benefits in the event of sickness, accident, disability, death or unemployment...." 29 U.S.C. § 1002(1). However, a regulation of the Secretary of Labor excludes certain "payroll practices" from the application of ERISA. Alaska Airlines, Inc. v. Or. Bureau of Labor, 122 F.3d 812, 812 (9th Cir. 1997). More specifically, it provides that an

"employee welfare benefit plan" for purposes of ERISA "shall not include -- (2) Payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons...." 29 C.F.R. § 2510.3-1(b)(2).

To constitute "normal compensation" under the regulation, payment need only closely resemble wages or salary, and may be less than an employee's full salary. Bassiri v. Xerox Corp., 463 F.3d 927, 932-33 (9th Cir. 2006); Behjou v. Bank of America Group Benefits Program, 2012 WL 1534931, at **2-3 (N.D. Cal. May 1, 2012) (unpublished). For example, in Bassiri, the Ninth Circuit noted that the long-term disability plan of the employer in that case "more closely resembles salary: The payments come in regular paychecks, in an amount tied to the employee's salary and not to the variable performance of a fund. And, like salary, LTD Plan benefits end upon termination." Bassiri, 463 F.3d at 932.

More importantly, to determine whether the regulation is applicable, a court must focus on the "actual methods of payment." Alaska Airlines, Inc., 122 F.3d at 814 (holding that employer's payment of benefits from general assets qualified as a payroll practice under the regulation even if the employer subsequently seeks reimbursement from trust assets in a separate trust fund). Thus, "the critical inquiry is not whether the payment of short term disability benefits is made under the auspices of a benefit plan; rather, the salient inquiry...is *the source* from which the benefits are actually paid," i.e. whether the benefit payments are made from the defendant's general assets or some other source, such as a separate fund or insurance. Behjou, 2012 WL 1534931, at *3 (citing Alaska Airlines, Inc., 122 F.3d at 814 and Bassiri, 463 F.3d at 931).

The court cannot presently determine whether payment of short-term disability benefits under the Plan is a "payroll practice" exempted from ERISA's coverage under 29 C.F.R. § 2510.3-1(b)(2), because the record does not contain any information regarding the source from which the benefits are paid, the method or manner of payment, and how such payments are

computed. If the short-term disability benefits portion of the Plan is exempt from ERISA, this court would lack subject matter jurisdiction over the action.

Because defendants have the burden to show that removal is proper, the court will require defendants to file a supplemental brief, not exceeding ten (10) pages, addressing the question of whether payment of short-term disability benefits under the Plan is a "payroll practice" exempted from ERISA's coverage under 29 C.F.R. § 2510.3-1(b)(2) in light of the authorities outlined above. If necessary, the supplemental brief shall be accompanied by a competent declaration attaching relevant portions of the Plan documents. Plaintiff will be permitted to file a response to defendants' supplemental brief, not exceeding ten (10) pages, as well as any appropriate declaration in support of the response.[5]

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The September 20, 2012 hearing on plaintiff's motion to remand is VACATED and RE-SET for October 18, 2012, at 10:00 a.m., in courtroom no. 25 before the undersigned.

2. Defendants shall file a supplemental brief in accordance with this order no later than September 27, 2012.

3. Plaintiff shall file any response to defendants' supplemental brief in accordance with this order no later than October 10, 2012.

IT IS SO ORDERED.

DATED: September 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5] To the extent that plaintiff contends that the action does not involve the payment of short-term disability benefits, plaintiff shall explain exactly what type of payments he believes he is entitled to and attach any relevant documentation in support of such a claim.