IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME CLAY,

      Plaintiff,                     No. 2:12-cv-2027 JAM KJN PS

      v.

AT&T COMMUNICATIONS OF
CALIFORNIA, INC., et al.,

      Defendants.                <u>ORDER TO SHOW CAUSE</u>

                                                              /

          On August 2, 2012, the court set a status (pre-trial scheduling conference) in this case for January 3, 2013, at 10:00 a.m. (Dkt. No. 3 at 2.)[1] The court's order setting a status conference required the parties to file status reports addressing specified issues no later than 7 days prior to the status conference, and directed that all parties "shall appear by counsel or in person if acting without counsel." (<u>Id.</u> at 2-3.) That order further stated that "[f]ailing to obey federal or local rules, or order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (<u>Id.</u> at 3.) Additionally, the order cautioned that "Local Rule 110 provides that failure to comply with the Local Rules may be grounds for imposition of any and all sanctions authorized by

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

statute or Rule or within the inherent power of the Court." (Id.) (quotation omitted).

On December 21, 2012, defendants Pacific Bell Telephone Company (erroneously sued as AT&T Communications of California, Inc.) and Sedgwick Claims Management Service, Inc. filed a status report. (Dkt. No. 27.) Plaintiff Jerome Clay failed to file a status report. Furthermore, although defendants' counsel, Michael Nave, appeared at the January 3, 2013 status conference, plaintiff failed to appear. (Dkt. No. 28.) At the conference, defendants' counsel stated that he has had no recent contact with plaintiff, and that plaintiff failed to return his calls, including three messages that he left for plaintiff.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). A district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default); see also E.D. Cal. L.R. 110, 183(a).

Based on plaintiff's failure to file a status report and appear at the status conference in accordance with the court's orders, it appears that plaintiff may have abandoned

prosecution of this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 28 days of the date of service of this order, plaintiff shall file a written statement indicating whether he still intends to actively prosecute this action in federal court, and if so, shall show cause why sanctions should not be imposed for his failure to file a status report and appear at the January 3, 2013 status conference.

2. Plaintiff's failure to file the required written statement shall constitute additional grounds for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED: January 3, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3