IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME CLAY,

      Plaintiff,                     No. 2:12-cv-2027 JAM KJN PS

     v.

AT&T COMMUNICATIONS OF
CALIFORNIA, INC., et al.,

      Defendants.              <u>ORDER</u>

        In this removed action, plaintiff claims entitlement to short-term disability benefits under the ERISA welfare benefits plan of his employer, defendant Pacific Bell Telephone Company (erroneously sued as AT&T Communications of California, Inc.).[1] Defendant Sedgwick Claims Management Services, Inc. is the claims administrator for the benefits at issue.

        On December 14, 2012, the district judge adopted the undersigned's findings and recommendations, denying plaintiff's motion to remand the action to state court. (Dkt. No. 26.)

        Thereafter, on January 3, 2013, the undersigned conducted a status (pre-trial scheduling) conference in this matter. (Dkt. No. 28.) Plaintiff failed to appear at the status

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

conference and also failed to file a status report prior to the status conference in accordance with the court's August 2, 2012 order setting status conference. (Dkt. No. 3.) That order specifically advised the parties that "[f]ailing to obey federal or local rules, or order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Dkt. No. 3 at 3.) Additionally, the order cautioned that "Local Rule 110 provides that failure to comply with the Local Rules may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." (Id.) (quotation omitted). At the status conference, defendants' counsel stated that he had no recent contact with plaintiff, and that plaintiff failed to return his calls, including three messages that he left for plaintiff.

In light of the above, on January 4, 2013, the court issued an order to show cause ("OSC"), requiring plaintiff, within 28 days, to file a written statement indicating whether he still intended to actively prosecute this action in federal court, and if so, to show cause why sanctions should not be imposed for his failure to file a status report and appear at the January 3, 2013 status conference. (Dkt. No. 29.)

On January 30, 2013, plaintiff filed a response to the OSC, indicating that he wishes to proceed with the action. (Dkt. No. 30.) However, plaintiff provided no explanation for his failure to file a status report and appear at the status conference.[2] Therefore, the undersigned

---

[2] Instead, plaintiff's response essentially stated that he disagreed with the magistrate judge's findings and recommendations concerning plaintiff's motion to remand, and that the Clerk of Court had somehow misplaced his objections to those findings and recommendations. (Dkt. No. 30.) As an initial matter, the undersigned notes that plaintiff was permitted to file two supplemental submissions related to the motion to remand in addition to his initial brief in support of the motion. (Dkt. Nos. 10, 17, 23.) Plaintiff also had an opportunity to present oral argument at the October 18, 2012 motion hearing. (Dkt. No. 18.) Plaintiff's present response to the OSC merely states that plaintiff disagrees with the undersigned's findings and recommendations, but does not even explain what specific errors were allegedly made. Simply put, plaintiff already had a more than adequate opportunity to be heard with respect to the motion to remand. In any event, because the district judge adopted the findings and recommendations, any request by plaintiff to set aside that order, or for the district judge to entertain additional objections to the findings and recommendations, is not properly brought before the undersigned. If plaintiff truly has a good faith basis to seek such relief, plaintiff

2

finds it appropriate to impose monetary sanctions in the amount of $100, to be paid by plaintiff to the Clerk of Court within 14 days of this order.  Plaintiff is advised that future failure to appear at scheduled hearings, failure to comply with court orders and deadlines, and failure to abide by the Federal Rules of Civil Procedure and this court's Local Rules will result in more severe sanctions, including a potential recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Within 28 days of this order, the parties shall also confer and file a joint status report, briefly describing the case and addressing the specific issues outlined in the court's initial order setting status conference.  (See Dkt. No. 3.)  If the parties disagree with respect to a particular issue(s), the joint status report may set forth the parties' different positions with respect to the particular issue(s).  Furthermore, if the parties are unable to prepare a joint status report, the parties may file separate status reports, although it will be looked upon with disfavor by the court and may result in the imposition of sanctions on the party that hindered preparation of a joint status report.  Upon review of the joint status report, the court will either issue an appropriate scheduling order or set a further status conference, if necessary.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Within 14 days of this order, plaintiff shall pay sanctions to the Clerk of Court in the amount of $100 for his failure to file a status report and appear at the January 3, 2013 status conference.

2. Within 28 days of this order, the parties shall file a joint status report in accordance with this order.  Upon review of the joint status report, the court will either issue an appropriate scheduling order or set a further status conference, if necessary.

3. *Plaintiff is cautioned that failure to file a status report, as well as any future failure to appear at scheduled hearings, failure to comply with court orders and deadlines, and*

---

must notice and file a motion for reconsideration before the district judge in accordance with the Local Rules and the Federal Rules of Civil Procedure.

*failure to abide by the Federal Rules of Civil Procedure and this court's Local Rules, will result in more severe sanctions, including a potential recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

   IT IS SO ORDERED.

DATE:  February 4, 2013

                _____
                KENDALL J. NEWMAN
                UNITED STATES MAGISTRATE JUDGE